# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **LESLIE A. HASSELL**, | ) | Henderson County Chancery Court |
|  | ) | No. 9218 |
| Plaintiff/Appellee. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9709-CH-00220 |
|  | ) |  |
| **THOMAS W. HASSELL**, | ) |  |
|  | ) |  |
| Defendant/Appellant. | ) |  |
|  | ) |  |

FILED

**July 17, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Chancery Court of Henderson County at Lexington.
**Honorable William Michael Maloan, Chancellor**

**Scott Kirk**, HARDEE, MARTIN & JAYNES, P.A., Jackson, Tennessee
Attorney for Defendant/Appellant.

**Joe H. Byrd, Jr.**, Jackson, Tennessee
Attorney for Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

Following the trial of this matter, the court ordered the parties, Leslie A. Hassell (Wife) and Thomas W. Hassell (Husband), to be entitled to a divorce pursuant to T.C.A. § 36-4-129(b).[1] Husband was ordered to pay Wife $500 per month as alimony *in futuro* and that award is the sole issue presented by Husband to this court on appeal.

We review the trial court's findings of fact *de novo* with a presumption that those findings are correct, unless the preponderance of the evidence is otherwise. Trial courts have broad discretion in determining the need for spousal support, the nature, amount and duration. *See Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. App. 1996). The general assembly has expressed its intent that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible. We agree with Husband's contention that the statute directs that the granting of alimony *in futuro* requires a threshold determination by the trial judge that, considering all relevant factors, rehabilitation of the economically disadvantaged spouse is not feasible. Husband contends that the trial court did not make such a threshold determination. However, in ruling from the bench, the chancellor stated on two separate occasions that he had considered the statutory factors set forth in T.C.A. § 36-5-101, stressing the importance of need and ability to pay. While we believe it would have been desirable for the trial court to have stated that it had made a threshold determination that rehabilitation was not feasible, we interpret his remarks as having considered the statute in its entirety. The question then becomes whether the evidence preponderates against the trial court's finding that Wife was entitled to payment of support on a long-term basis. *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. App. 1992).

In determining whether payment for support and maintenance is proper, and in determining the nature, amount and length, the court shall consider all relevant factors including those set forth in the statute as follows:

> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension,

---

[1] **36-4-129. Stipulated grounds and/or defenses -- Grant of divorce. --**
. . . .
(b) The court may, upon such stipulations or upon proof, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

profit sharing or retirement plans and all other sources;

(B) The relative education and training of each party, the ability and opportunity of each person to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

T.C.A. § 36-5-101(d)(1) (1996).

In 1971, Husband, his father and brother began an automotive parts business which became known as Hassell's Auto Supply, Inc. and each earned 500 shares. The father died in 1982 and his stock passed to Husband's mother. About 1990 Husband purchased his brother's stock. Their mother died in 1994 and at the time of the trial Husband was the sole owner of the stock in that corporation.

Husband contends that the parties' earnings are approximately equal in that Wife earns approximately $28,000 as assistant to the county mayor of Madison County and that he earns approximately $500 per week as assistant parts manager for an automobile agency. The record reflects that he sold the inventory of Hassell's Auto Parts in 1995 without consulting with Wife. He retained ownership of the building and receives rental income of $1,699. He stated most of that goes for expenses. At the time of trial he was also receiving $1,000 per month rental from another commercial building. The parties' joint federal income tax return for 1994 shows total income in

excess of $76,000, of which approximately $24,000 were Wife's earnings. Husband's 1995 return discloses total income in excess of $77,000. The parties' filed separately that year and Wife's return shows total earnings slightly below $25,000. Husband presented a letter from his accounting firm indicating that included in his 1995 income was $25,000 cash "that you received from the sale of Airways Auto Electric, Inc. and Smith-Hassell rental properties. However these monies were not retained by you but were deposited directly into the Hassell's Auto Supply, Inc. checking account." However, as previously noted, Husband was the sole stockholder of Hassell's Auto Supply, Inc. at the time of trial. Although apparently a profitable business, Husband testified that he sold the business in order to lessen his stress. Husband further testified that he had also turned down a higher paying job than his current position because of the travel involved. We note that the statute refers to earning capacity rather than actual earnings.

Husband has a college degree in business administration and Wife has one year of college credits. She testified that her present job would not allow her to return to college as she often has to attend evening and out-of-town functions and cannot afford to quit in order to further her education. She testified that she knows of no other job for which she is qualified that would pay more than her current position. The parties were married approximately 21 years. At the time of trial Wife was age 44 and Husband 50. Both parties are apparently in reasonably good health, although Husband testified that he has elevated cholesterol and needs hearing aids.

Husband was awarded property having a value of $219,500 and Wife $137,689, most of which consisted of equity in the marital home. A portion of the property awarded to Husband was separate property which consisted of equity value of Hassell's Auto. A portion of that equity was acquired during the parties' marriage and Wife testified that she helped out at the business at times. Husband's inheritance from his mother also included $80,000 cash. Wife was working as a secretary when the parties married in 1975 but quit in 1976 when she became pregnant and the parties agreed for her to quit. She did not return to public work for any significant time until her present job began in 1989.

Mr. Hassell was ordered to pay support for the parties' minor child of $610 per month until her graduation from high school, unless otherwise ordered. The record reflects that she reached

the age of eighteen in April 1997 and we can presume that child support payments will cease in the near future if they have not already done so.

The decision to award alimony is factually driven and requires a balancing of the factors listed in the statute set forth heretofore. The two most important factors are the demonstrated need of the disadvantaged spouse and the ability of the other spouse to pay. *Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. App. 1993). Having reviewed this record, we have determined that the evidence does not preponderate against the trial court's finding that Ms. Hassell was economically disadvantaged and that rehabilitation is not feasible considering all the relevant factors.

The judgment of the trial court is affirmed and the costs of this appeal are taxed to Mr. Hassell, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)